EX PARTE MARGARET PRIEST

No. 28,088. January 18, 1956

*R. C. Benavides* and *Charles W. Tessmer*, Dallas, for relator.

*Leon Douglas,* State's Attorney, Austin for the state.

MORRISON, Presiding Judge.

Realtor seeks her release by writ of habeas corpus. Her conviction was by this court affirmed and mandate issued. Priest v. State, No. 27,676 (page 260 this volume, 284 S.W. 2d 148.) She now contends that her confinement by virtue of such mandate is unlawful, and, in order to understand such contention, it is necessary to set forth the legislative history of the creation of the court in which her conviction was had. Article I of Senate Bill 21 of the Acts of the 53rd Legislature, 1st Called Session 1954, Chapter 51, page 105 created the "Special Criminal District Court of Dallas County." Article III of said act provided that such court should come into existence on September 1, 1954, and cease to exist on August 31, 1956. The above act shall be hereinafter referred to as the Special Act.

On February 7, 1955, in said court, the relator was convicted and gave notice of appeal to this court.

Senate Bill 127 of the Acts of the 54th Legislature, regular session 1955, Chapter 26, page 711, made this court permanent and changed its designation so that it would be thereafter known as "Criminal District Court No. 3 of Dallas County." The effective date of this act, which shall be hereinafter referred to as the Permanent Act, was September 1, 1955.

This court affirmed relator's appeal, and mandate was issued on December 2, 1955. Such mandate was directed to "Special Criminal District Court of Dallas County." Pursuant to such mandate, the relator was taken into custody and now seeks release by this action. We shall discuss her contentions.

1. That the Permanent Act created a new court and contained no provision for the transfer of pending cases from the Special to the Permanent Court and that therefore the "Permanent Court" is without authority to issue any capias for the relator's arrest in this case. We think the answer to this contention is to be found in Sections 1 and 8 of the Permanent Act. They read as follows:

> "Section 1. The Special Criminal District Court of Dallas County, heretofore established as a temporary District Court under the terms and provisions of Senate Bill No. 21, Acts of the 53rd Legislature, First Called Session, 1954, Chapter

51, page 105, is hereby established as a permanent Criminal District Court, the limits of which district shall be co-extensive with tht limits of Dallas County, Texas, and shall be known as the Criminal District Court No. 3 of Dallas County."

"Section 8.   All laws and parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of such conflict only; as to all other laws or parts of laws, this Act shall be cumulative, it being the purpose fo this Act to make permanent the Special Criminal District Court of Dallas County, heretofore created by the provisions of Senate Bill No. 21, Acts of the 53rd Legislature, First Called Session, 1954, Chapter 51, page 105."

From this, we conclude that no provision for transfer of cases and no order of transfer were necessary. This was one and the same court, and the only effect of the Permanent Act was to make it a permanent court and change its designation.

2.   That the permanent court is without authority to enforce the mandate of this court because it is directed to a court which is no longer in existence. Our holding that the special criminal court and Criminal District Court No. 3 are one and the same answers this contention.

3.   That she is illegally confined because the district clerk of Dallas County has not issued a capias in compliance with the mandatory provisions of Article 819, V.A.C.C.P.

Article 775, V.AC.C.P., authorizes the issuance of a commitment upon which a defendant whose conviction has been affirmed on appeal may be admitted to the penitentiary. Either such a commitment or the capias provided for in Article 819, V.A.C.C.P., may be issued by the clerk of the trial court when the mandate affirming the conviction is received, and either is sufficient authority for the arrest and detention of the defendant whose conviction has become final.

Application for issuance of the writ is denied.