**The STATE of Texas, ex rel. Tim CURRY, Criminal District Attorney, Tarrant County, Applicant,**

v.

**Honorable L. Clifford DAVIS, Judge, Criminal District Court No. Two, Tarrant County, Respondent.**

No. 69252.

Court of Criminal Appeals of Texas, En Banc.

July 25, 1984.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., for applicant.

Jim Voller, Austin, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

PER CURIAM.

July 20, 1983 this Court rendered an opinion in two causes brought up from the Fort Worth Court of Appeals by an appellant; we affirmed the judgments of that court which had affirmed two judgments of conviction in the trial court. *Garrett v. State,* 658 S.W.2d 592 (Tex.Cr.App.1983), affirming *Garrett v. State,* 639 S.W.2d 18 (Tex.App.—Fort Worth 1982). Motions for rehearing were denied, and mandates of this Court were issued November 4, 1983 commanding the trial court "to observe the order of our said COURT OF CRIMINAL APPEALS in this behalf and in all things to have it duly recognized, obeyed and executed."

In the trial court the two causes are numbered 15,864 and 15,866. Mandate in each cause was received by the clerk of the trial court November 10, 1983. Garrett then filed with the clerk of this Court a motion to stay or recall mandate, praying as well for an order allowing him to remain at large on security of his appeal bond or, alternatively, of new bail to be fixed by the officer having custody of him. December

6, 1983 counsel for all parties were notified that the motion had been in all things denied.

Garrett also filed in the trial court an application to remain at large on his appeal bond during determination of a prospective petition for writ of certiorari. Not only did the trial court grant that relief on or about December 6, 1983, but also there followed a flurry of motions, purported nunc pro tunc orders undertaking to "correct" sentences, notices of appeal and fresh appeal bonds and other related litigation. Soon the criminal district attorney sought and we granted leave to file an application for writs of mandamus and prohibition. We have decided that relief must be granted.

■ Given the statutory scheme in matters of mandate after final judgment rendered by an appellate court and of ministerial duties flowing from issuance and receipt of a mandate, except for ministerial matters, neither the judge nor the trial court had jurisdiction, power or authority to take any action other than in obedience to the mandates of this Court. *State ex rel. Vance v. Hatten,* 508 S.W.2d 625, 628 (Tex.Cr.App.1974) and *State ex rel. Wilson v. Briggs,* 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (1961).

When the mandate of this Court has been made out by our clerk and mailed to the clerk of the trial court, Article 44.26, V.A.C.C.P., the latter is charged to file it with the papers of the cause and note it upon the docket, Article 44.27, *id.* Then the clerk of the trial court is mandated by statute to do several things. The most important is "forthwith [to] issue a capias for the arrest of the defendant for the execution of the sentence of the court, which shall ... command the sheriff to arrest and take into his custody the defendant and place him in jail and therein keep him until delivered to the proper authorities, as directed by said sentence." Article 44.05, *id.;* and, similarly, if defendant has been released on bail pending disposition of appeal, the clerk of the trial court shall issue a commitment against the defendant,

Article 42.09, § 2, *id.* The sheriff, in the case of a capias, shall execute it as directed and notify the clerk of the trial court and of the appellate court that issued its mandate, Article 44.05, supra; the officer who executes a commitment shall endorse thereon the date defendant is taken into custody for the sentence thus begins to run, Article 42.09, § 2, supra.

■ Article 44.06, *id.,* provides that upon execution and return of a capias "no bail shall be taken ..." Although such a prohibition is not expressly stated with reference to a commitment, since both serve essentially the same function, see Ex parte Priest, 162 Tex.Cr.R. 398, 286 S.W.2d 164, cert. denied 351 U.S. 910, 76 S.Ct. 696, 100 L.Ed. 1444 (1956), we take it that the Legislature did not intend to allow release on bail should a clerk of the trial court opt to issue a commitment rather than a capias. Article 44.04, V.A.C.C.P., clearly contemplates that bail may be fixed after conviction in a trial court and that security given by an appellant is effective pending final determination of the appeal, as does Article 17.09, *id.* However, § (f) also insists that neither appellant nor sureties are released from liability until he is "placed in the custody of the sheriff," without regard to the title of the paper executed to put him there. We hold that bail may not be taken from one who is subject to being placed in custody upon execution of a capias or commitment issued in a cause pursuant to a mandate of affirmance from this Court.

■ Issuing and executing a capias or commitment after mandate are purely ministerial acts accomplished by officers of a trial court "only to see that the judgment of this court [is] carried out," *State ex rel. Vance v. Hatten,* 508 S.W.2d 625 (Tex.Cr. App.1974); see also *Houlihan v. State,* 579 S.W.2d 213, 217 (Tex.Cr.App.1979).

We are informed by the record that upon receipt of our mandate the clerk of the trial court issued a capias after mandate in each cause; January 10, 1984 a deputy sheriff

executed them while Garrett was in the trial court attending a hearing convened by respondent judge in order to fix an amount bond on appeal by Garrett from nunc pro tunc orders purporting to correct sentences in Cause No. 15,864 and Cause No. 15,866, respectively. However, detention of Garrett was momentary at best, for he was immediately released on appeal bond approved by the trial judge and filed among the papers of each cause. Thus, as in *State ex rel. Wilson v. Briggs,* supra:

> "In this manner the Respondent has done ... indirectly what he has no authority to do directly; that is, to stay the effectiveness of the decisions and mandates of this Court."

*Id.,* at 895.

We conclude that it is necessary in order to enforce the jurisdiction of this Court that Respondent be ordered and directed to cause the clerk of his court to issue, and an appropriate peace officer to execute a capias or commitment against Curtis Garrett by arresting and taking him into custody and placing him in jail and therein keep him until delivered to proper authorities, as directed by the sentences imposed in these causes. *State ex rel. Vance v. Hatten,* supra, at 629.

However, accepting at full value statements made by Respondent during the January 10 hearing that this "matter needs to be resolved and I am trying to facilitate the resolution of it," we assume that he will immediately effectuate that which this Court has ordered and directed. Writ of mandamus will issue only if he refuses to do so.

All other relief sought by applicant is denied, but without prejudice to a fresh application seeking all or part of such relief as may be deemed necessary to enforce fully the mandates of this Court issued by our clerk pursuant to the opinion and judgments in *Garrett v. State,* supra. A motion for rehearing will not be entertained.

It is so ordered.