**In re STATE of Texas ex rel. GUARINO, Relator.**

**No. 01–01–01146–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 18, 2001.

Michael J. Guarino, Criminal District Attorney, Galveston County, B. Warren Goodson, Jr., Assistant District Attorney, Galveston, for Relator.

Susan Criss, Judge, 122nd District Court, Galveston County, Galveston, for Respondent.

Mike DeGeurin, Foreman, DeGeurin, Nugent & Gerger, Houston, for the Real Party in Interest.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

TIM TAFT, Justice.

Relator, Michael J. Guarino, Criminal District Attorney, Galveston County, Texas, filed a petition for writ of mandamus, complaining that respondent issued an order on November 8, 2001 in violation of mandates issued by this Court and Texas Rule of Appellate Procedure 51.2(b). Respondent is the Honorable Susan Criss, Judge, 212th District Court, Galveston County, Texas. We requested a response from the real party in interest, William Walton Glauser, and the response was filed.

On October 5, 2000, this Court issued an opinion affirming the convictions of William Walton Glauser for intoxication manslaughter in cause numbers 97CR0019 and 97CR0020 from Galveston County. *Glauser v. State*, 66 S.W.3d 307 (Tex.App.— Houston [1st Dist.] pet. ref'd) (designated for publication). Glauser's punishment was assessed at four years confinement in each case. Our mandates in those appeals issued on October 18, 2001, and were filed by the Galveston County District Clerk on October 25, 2001.

On November 8, 2001, a hearing was conducted in the trial court on a motion for voluntary surrender filed by Glauser's counsel. Over the State's objection, the motion was granted, and the trial court signed an order that Glauser's sentences begin on December 28, 2001, and that Glauser surrender himself to the Galveston County sheriff on that date.[1] On December 3, 2001, the State filed the petition for writ of mandamus.

Relator argues that respondent's order violated Rule 51 of the Texas Rules of Appellate Procedure, "Enforcement of Judgments After Mandate." Rule 51.2 addresses such enforcement in criminal cases. It provides, in pertinent part:

> When the trial court clerk receives the mandate, the appellate court's judgment **must be enforced** as follows:
>
> * * *
>
> (b) *Judgment of Affirmance; Defendant Not in Custody.*
>
> (1) Capias to Be Issued. If the judgment contains a sentence of confinement or imprisonment that has not been suspended, **the trial court must promptly issue a capias for the defendant's arrest so that the court's sentence can be executed.**
>
> (2) Contents of Capias. The capias may issue to any county of this state and must be executed and returned as in felony cases, except that no bail may be taken. **The capias must:**
>
> (A) recite the fact of conviction;

---

1. The relevant portions of the November 8, 2001 order state:

    Mandate was issued on October 19, 2001. The disposition of appeal being completed by the issuance of the Mandate, the sentence hereby commences in this cause. The sentence in this case which are [sic] set out in the Judgment entered July 15, 1998, shall begin on December 28, 2001.

    Therefore it is hereby ORDERED that the Defendant, William Walton Glauser, surrender himself to the Sheriff of Galveston County, Texas on December 28, 2001 to be transferred to the Institutional Division of the Texas Department of Criminal Justice to serve the sentence previously imposed.

(B) set forth the offense and the court's judgment and sentence;

(C) state that the judgment was appealed from and affirmed, and that the mandate has been filed; and

(D) **command the sheriff to arrest and take the defendant into his custody, *and to place and keep the defendant in custody until delivered to the proper authorities as directed by the sentence.***

(3) Sheriff's Duties. **The sheriff must promptly execute the capias as directed.** The sheriff must notify the trial court clerk and the appellate clerk when the mandate has been carried out and executed.

TEX.R.APP. P. 51.2(b). (Emphasis added.) *See also State ex rel. Curry v. Davis,* 689 S.W.2d 214, 215–16 (Tex.Crim.App.1984); *State ex rel. Vance v. Hatten,* 508 S.W.2d 625, 628–29 (Tex.Crim.App.1974).

■ The real party in interest responds that mandamus does not lie because respondent's order was an exercise of discretion authorized by Article 23.01 of the Code of Criminal Procedure. The statute reads:

A "capias" is a writ issued by the court or clerk, and directed "To any peace officer of the State of Texas," commanding him to arrest a person accused of an offense and bring him before that court immediately, **or on a day or at a term stated in the writ.**

TEX.CODE CRIM. PROC. ANN. art. 23.01 (Vernon 1989). (Emphasis added.) The real party in interest seizes upon the emphasized language to argue that the respondent had the discretion to have him brought before her on any day.

Article 23.01 concerns the trial court's issuance of a *pretrial* capias, not issuance of a capias after receipt of an appellate court's mandate. The article provides that the capias command the arrest of a person *"accused* of an offense." Although Rule 51.2(b)(2) states that the capias "must be executed and returned *as in felony cases,"* this is not a reference to the trial court's discretion in Article 23.01 because the execution and return of a capias is the duty of law enforcement upon its receipt. *See, e.g.,* TEX.CODE CRIM. PROC. ANN. arts. 23.07 (capias does not lose its force), 23.13 (who may arrest under capias), 23.15 (arrest in capital cases), 23.18 (return of capias) (Vernon 1989).

While Article 23.01 pertains to the issuance of a pretrial capias, Rule 51.2(b)(2) specifically addresses the issuance of a capias upon receipt of the appellate court's mandate when a conviction has been affirmed by the appellate court and the defendant is not in custody. Therefore, there is no conflict between Rule 51.2 and Article 23.01 because Article 23.01 is inapplicable to this situation.

The real party in interest next argues that Article 23.01 controls over Rule 51.2(b) because the legislature authorized the Court of Criminal Appeals to "make rules of posttrial and appellate procedure as to the hearing of criminal actions not inconsistent with [the Code of Criminal Procedure]." TEX.CODE CRIM. PROC. ANN. art. 44.33(a) (Vernon Pamph.2002). He reasons that, if Rule 51.2(b) is inconsistent with Article 23.01 of Code of Criminal Procedure, the rule is void because the Court of Criminal Appeals lacked the authority to adopt it. This reasoning is flawed because the provisions of Rule 51.2(b) were included in former Article 44.05 of the Code of Criminal Procedure. That statute provided:

When the clerk of any court from whose judgment an appeal has been taken in cases wherein bail has been allowed shall receive the mandate of the Court of Criminal Appeals affirming such judg-

ment, he shall immediately file the same and **forthwith issue a capias for the arrest of the defendant for the execution of the sentence of the court,** which shall recite the fact of conviction, setting forth the offense and the judgment and sentence of the court, the appeal from and affirmance of such judgment and the filing of such mandate, **and shall command the sheriff to arrest and take into his custody the defendant and place him in jail and therein keep him until delivered to the proper authorities, as directed by said sentence.** The sheriff shall forthwith execute such capias as directed.

TEX.CODE CRIM. PROC. ANN. art. 44.05 (Vernon 1979) (emphasis added), *repealed by* Act of May 26, 1985, 69th Leg., ch. 685, § 4, 1985 Tex. Gen. Laws 2472–73. Article 44.05 was repealed simultaneously with the effective date of the 1986 Texas Rules of Appellate Procedure, and its provisions were incorporated into former Rule 87(b)(1). With the adoption of the 1997 Texas Rules of Appellate Procedure, the procedures were incorporated into Rule 51.2.

Both Articles 23.01 and 44.05 were enacted together by the Texas Legislature as provisions of the 1965 Code of Criminal Procedure. *See* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, arts. 23.01, 44.05, 2–1965 Tex. Gen. Laws 317, 412, 512. Article 23.01 is included in a section of the Code entitled "After Commitment or Bail and Before the Trial." This section includes chapters 19 through 31. Before its repeal, Article 44.05 was included in a section entitled "Appeal and Writ of Error." It was clearly the legislature's intent that Article 23.01 would apply to the issuance of a capias before trial, while Article 44.05 would apply to the issuance of a capias after receipt of the appellate court's mandate.

■ Accordingly, we hold that the Court of Criminal Appeals did not run afoul of Article 44.33(a) and exceed its rule-making authority in adopting Rule 51.2 of the Texas Rules of Appellate Procedure because its provisions had been included in Article 44.05 of the Code of Criminal Procedure. Rule 51.2(b) is therefore not void for inconsistency with Article 23.01. We further hold that the provisions of Rule 51.2 control over Article 23.01 in this situation.

The real party in interest further argues that Rule 51.2(b)(1) "does not require that a capias issued by the court order that a person be arrested immediately." He overlooks the fact that Rule 51.2(b)(2)(D) requires that the capias must "command the sheriff to arrest and take the defendant into his custody, **and to place and keep the defendant in custody until delivered to the proper authorities as directed by the sentence.**" TEX.R.APP. P. 51.2(b)(2)(D) (Emphasis added.) This rule makes no provision for a later "voluntary surrender," as the respondent ordered in this case.

■ We hold that the respondent erred in not issuing a capias upon receipt of this Court's mandates, as it was her ministerial duty to do. *See Curry,* 689 S.W.2d at 215. The November 8, 2001 order does not constitute a capias because it does not command a peace officer to arrest Glauser, as required by Rule 51.2(b)(2)(D).

This Court has the authority to issue writs of mandamus and all other writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. 22.221(Vernon Supp.2002). We hold that it is necessary to enforce the jurisdiction of this Court by ordering and directing respondent to: (1) set aside her order of November 8, 2001, permitting the voluntary surrender of William Walton Glauser on December 28, 2001, and (2)

promptly issue a capias for the arrest of William Walton Glauser and perform the ministerial duty of carrying out the mandates of this Court in cause numbers 97CR0019 and 97CR0020.

We are confident that respondent will comply with this opinion. Writ of mandamus will issue only if she refuses to do so.

The petition for writ of mandamus is **conditionally granted.**

No motion for rehearing will be entertained.