

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00374-CR

## EX PARTE DANNY LEON LUCAS

**From the 283rd District Court
Dallas County, Texas
Trial Court No. F84-22156(T)**

## MEMORANDUM  OPINION

In 1985, Danny Leon Lucas appealed his conviction for burglary of a habitation with the intent to commit theft.  This Court affirmed his conviction in January of 1986 (10-85-00076-CR).  Lucas is now scattering papers around various courts in an effort to get a review of his case because of what he contends is newly discovered evidence.

The proceeding was tried in the 283rd District Court of Dallas County (No. F84-77156(T)).  The direct appeal, while properly filed in the Fifth Court of Appeals—Dallas (05-85-00051-CR), was transferred to this Court by order of the Texas Supreme Court. Any jurisdiction we had of Lucas's direct appeal has long since expired when the mandate issued on April 18, 1986.  *See* TEX. R. APP. P. 19.1, 19.3.

In the document we received, Lucas states that he has filed four previous sets of papers.  He identifies the four prior filings, in the sequence filed, the court it was filed

with if identified, and the response thereto, as being filed 1) on August 13, 2009, in the Fifth Court of Appeals, to which the 283rd District Court failed to respond, 2) on August 24, 2009, to which the 283rd District Court failed to respond, 3) on September 26, 2009, to which the "Criminal Court of Appeals" failed to respond, and 4) on October 7, 2009, to the "Texas Supreme Court Building" which "has failed to respond."

The fifth filing, to which this opinion responds was filed with the Fifth Court of Appeals on October 23, 2009 and subsequently unfiled, by striking through the file stamp, and forwarded to this Court, the Tenth Court of Appeals. We presume this was done because Lucas's original appeal was transferred to this Court. Each of the five documents appear to be substantially the same based upon the titles thereof and Lucas expressly states that the four previously filed documents all requested the same relief. The title of the fifth document, the one we received, is "Memorandum of Law in Support of Appellant's Motion to Vacate Judgment, on the Basis of Newly-Discovered, Evidence Pursuant to Article § 440.10." In the document, Lucas describes various reasons he believes his otherwise final felony conviction should be overturned.

This Court does not have jurisdiction to review the complaints being made by Lucas. *See* TEX. R. APP. P. 19.1, 19.3. It appears that Lucas's relief, if any, would be by following the procedures outlined for a post-conviction petition for writ of habeas corpus in article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009). The only authority we may have over Lucas's proceeding would be actions to enforce our judgment and this Court's mandate. *See e.g.* *In re Robertson*, No. 10-09-00005-CV, 2009 Tex. App. LEXIS 2641, *5-6 (Tex. App.—Waco

April 15, 2009, orig. proceeding); *In re State ex rel. Guarino*, 64 S.W.3d 597 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). *See also* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). We simply do not have the jurisdiction to review an 11.07 writ or anything else in the nature of an attack on the final felony conviction of Lucas. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05; 11.07, Sec. 3 (Vernon 2005 & Supp. 2009) ("The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus. . . ." After a final felony conviction, a writ of habeas corpus must be filed with the court where the conviction was obtained but then made returnable to the Court of Criminal Appeals of Texas.).

Accordingly, we dismiss this proceeding for want of jurisdiction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Appeal dismissed
Opinion delivered and filed December 30, 2009
Do not publish
[CRPM]