EX PARTE IGNACIO ARREDONDO.

No. 30,497. February 25, 1959.

*Ralph L. Bell,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Roy H. Garwood, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

On November 5, 1958, appellant was found guilty of the unlawful possession of marijuana, and his punishment was assessed by a jury at twenty years.

On November 12, 1958, his attorney applied for writ of habeas corpus alleging that his client was held in jail by virtue of said conviction and was afflicted with tuberculosis which rendered his removal from jail necessary for the preservation of his life.

After hearing the application was denied and appellant was remanded to the custody of the sheriff. This is an appeal from said order.

Counsel for appellant represents that he will be compelled to abandon his appeal from the conviction for sale of marijuana if his client is required to remain in jail, in order to save his life, there being adequate facilities in the Texas Department of Correction for his treatment and care. He relies upon Art. 137 C.C.P.

It has been held that "legal custody" referred to in Art. 137 C.C.P. does not contemplate release after conviction of a felony. Ex parte Smith, 64 S.W. 1052.

There is no showing in this record that an appeal has been taken in the marijuana case. No such appeal is found on this court's records.

If so, Art. 815 C.C.P. requires that appellant remain in custody in order for this court to have jurisdiction of the appeal. If that case is still pending on the docket of the trial court, then Art. 699 C.C.P. requires that the defendant shall remain in custody to await the further action of the court.

Another rule here applicable is stated in Ex parte Shacklett, 156 Texas Cr. Rep. 217, 241 S.W. 2d 849: "Where the confinement is after conviction, it must be shown that *any* confinement would endanger the life of the prisoner before he is entitled to release."

The trial judge's order remanding appellant was authorized under the authorities above cited.

Our holding does not preclude appellant's safekeeping by the Texas Department of Correction pending an appeal from his conviction for possessing marijuana, should the trial judge so order.

The judgment is affirmed.