**STATE of Texas ex rel. Carol VANCE, District Attorney 176th Judicial District, Harris County, Texas, Relator,**

v.

**William HATTEN, District Judge, 176th District Court, Harris County, Texas, Respondent.**

**No. 48690.**

Court of Criminal Appeals of Texas.

May 8, 1974.

Elaine Hocker and Jim Skelton, Houston, for respondent.

Carol S. Vance, Dist. Atty., Andy Tobias and Jim Moss, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., for relator.

## OPINION

PER CURIAM.

This is an action seeking the issuance of writ of mandamus against William Hatten, Judge of the 176th District Court of Harris County, Texas.

Leave to file the application for writ of mandamus was granted and the application is before this court upon petition and answer supported by brief and oral argument.

The following events give rise to this proceeding.

Paula Ann Kelly was indicted in Harris County on September 23, 1971, for the offense of murder with malice alleged to have occurred "on or about" the 13th day of September, 1971.

On March 21, 1972, Kelly waived trial by jury and entered a plea of guilty before the 176th Judicial District Court to the charge against her, the State having waived the death penalty then in effect. Her punishment was assessed at two years' confinement in the Texas Department of Corrections on July 6, 1972, by said court. The court denied her motion for probation. On August 7, 1972, she was formally sentenced. Notice of appeal was then given.

On the 4th day of April, 1973, this court affirmed the judgment of the trial court in Cause No. 46,778 and on the 20th day of

April, 1973, mandate issued by this court addressed to the 176th District Court of Harris County which in part stated, "We command you to observe the order of our said Court of Criminal Appeals in this behalf and in all things to have it duly recognized, obeyed and executed."

The record before us reflects that on March 15, 1974, in a hearing before the 176th Judicial District Court Judge William Hatten, the following transpired:

"THE COURT: . . . it appears that heretofore on or about July the 6th, 1972, you [Paula Ann Kelly] appeared in this court and entered a plea of guilty . . .

"After having read the indictment to you, the Court found that the Defendant was guilty and that the Defendant had committed the offense as alleged in the indictment and assessed punishment at two years confinement in the Texas Department of Corrections. Now are you ready to be sentenced in that case?

"MR. SKELTON (Defense counsel): Yes, Your Honor, we are.

"THE COURT: Is it your desire, Paula Ann Kelly?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right, then it appearing to the satisfaction of this court that the ends of justice and best interest of the public as well as of you, the Defendant, will be subserved thereby, the Court is suspending the imposition of this sentence and placing you on probation for two years so long as you comply with the following conditions of probation.

" . . .

"Now, it appears that, likewise, that the two years is now past from the time you were originally sentenced. There will be no further reason for you to appear before your probation officer in reference to this case . . . "

The record reflects that counsel for the State was present and urged that the court was without jurisdiction to take such action.

The court nevertheless entered the following order:

"On this the 15th day of March, A.D. 1974, the Court ordered the alias capias on the Mandate returned. The Defendant, Paula Ann Kelley, appeared in person with counsel, Jim Skelton, the State appeared by her District Attorney. The Court granted the motion of the Defendant that the sentence imposed against the Defendant, Paula Ann Kelly, on August 7, 1972 be set aside and ordered the imposition of this sentence suspended and Defendant placed on adult probation as of August 7, 1972."

Four days later, on March 19, 1974, the 176th District Court entered its order terminating probation, setting aside the judgment of conviction, and dismissing the indictment.

Relator seeks a writ of mandamus to compel William Hatten, Judge of the 176th District Court, to set aside the order dated March 15, 1974, setting aside sentence imposed against Paula Ann Kelly on August 7, 1972, and ordering the imposition of sentence suspended and placing the said Paula Ann Kelly on probation as of August 7, 1972. Relator further asks that respondent Hatten be compelled to set aside the order of March 19, 1974, dismissing the indictment and setting aside the judgment of conviction, and that the clerk and sheriff of Harris County be directed to carry out the necessary process to effect the sentence.

First, we must determine whether this court has jurisdiction to grant the relief prayed for.

Article V., Section 5 of the Constitution of Texas, Vernon's Ann.St., provides that this court and the judges thereof "shall have the power to issue the writ of habeas corpus, and under such regulations as may

be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction."

Article 4.04, Vernon's Ann.C.C.P., provides that the "court and each member thereof shall have, and is hereby given, power and authority to grant and issue and cause the issuance of writs of mandamus and certiorari agreeable to the principles of law regarding said writs, whenever in the judgment of said court or any member thereof the same should be necessary to enforce the jurisdiction of said court."

■ While this court has no general power to issue writs of mandamus, it can issue mandamus to enforce its own jurisdiction. See Ex parte Giles, Tex.Cr.App., 502 S.W.2d 774; Bradley v. Miller, Tex. Cr.App., 458 S.W.2d 673; State ex rel. Vance v. Clawson, Tex.Cr.App., 465 S.W. 2d 164.

We must next determine whether the issuance of mandamus is applicable under the facts presented by the instant proceeding.

The question may be succinctly stated. May a district court suspend the execution of sentence and place upon probation one convicted in that court of a felony offense after an appeal has been made to and conviction affirmed by the Court of Criminal Appeals of this State and after the issuance of mandate by said court and before the convict has actually begun serving the sentence imposed?

■ An affirmative answer to this question would render the entire appellate process nothing more than an exercise in futility. "The Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions or disobey its mandates." State ex rel. Wilson v. Briggs, 171 Tex.Cr.R. 479, 351 S.W.2d 892; State ex rel. Vance v. Clawson, supra.

■ Respondent cites Article 42.12, Section 3, V.A.C.C.P., where it is provided that judges of courts having original jurisdiction shall have the power, "after conviction or a plea of guilty . . . where the maximum punishment assessed against the defendant does not exceed ten years imprisonment, to suspend the imposition of the sentence and place the defendant on probation." He argues that the term "conviction" contemplates a final judgment, including the return of a mandate by an appellate court. This argument was answered adversely to respondent in State v. Klein, 154 Tex.Cr.R. 31, 224 S.W.2d 250, where it was held that the District Court of Willacy County did not have jurisdiction after issuance of mandate from this court to consider the question of probation under the judgment of conviction which had been affirmed by this court. Once this court has acquired jurisdiction it is only by judgment of this court that jurisdiction over the case is restored to the 176th District Court of Harris County. By judgment, order and mandate of this court, the 176th District Court of Harris County acquired jurisdiction of the case *only to see that the judgment of this court was carried out.* State v. Klein, supra.

■ We hold that the 176th District Court clearly did not have jurisdiction to suspend execution of sentence and place respondent Kelly on probation under the facts herein.

■ We conclude that the issuance of a writ of mandamus is necessary to protect this court's jurisdiction and to insure that the mandate of this court not be thwarted and the relator has no other adequate remedy.

The respondent Hatten is directed to set aside his orders of March 15, 1974, and March 19, 1974, setting aside sentence imposed against Paula Ann Kelly on August 7, 1972 (and ordering imposition of sentence suspended and placing Kelly on probation) and dismissing the indictment and

setting aside the judgment of conviction. Respondent is further directed to issue a capias for Kelly's arrest and to perform the ministerial duty of carrying out the mandate of this court.

No motion for rehearing will be entertained.

It is so ordered.