Ex parte Lawrence James BALTIMORE, Appellant.

No. 67364.

Court of Criminal Appeals of Texas, Panel No. 2.

May 27, 1981.

Robert Huttash, State's Atty., Austin, for State.

Before ONION, P. J., and DAVIS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 176th District Court denying the relief requested.

Appellant brought his habeas corpus action under Article 11.25, V.A.C.C.P., which provides:

"When a judge or court authorized to grant writs of habeas corpus shall be satisfied, upon investigation, that a person in legal custody is afflicted with a disease which will render a removal necessary for preservation of life, an order may be made for the removal of the prisoner to some other place where his health will not be likely to suffer; or he may be admitted to bail when it appears that any species of confinement will endanger his life."

The record reflects that appellant was convicted of possession of heroin and placed on probation for 10 years. His probation was subsequently revoked and he appealed. On October 1, 1980, the order revoking probation was affirmed in a per curiam opinion in Cause No. 61,931. Motion for leave to file for rehearing was denied on November 26, 1980. The mandate of this court was issued on December 1, 1980. On March 3, 1981, appellant, after the expiration of this court's term in which his conviction was affirmed, filed a "Motion to Modify and Suspend Order," asking that our mandate be modified so as to delay his transfer from the custody of the Harris County Sheriff to the Department of Corrections and permit him to file a habeas corpus writ with the 176th District Court under the provisions of Article 11.25, V.A.C.C.P. Appellant alleged he had a spinal operation—a laminectomy at L4–5 in the summer of 1980, and now needed another such operation in his doctor's opinion. The motion was denied.

On March 9, 1981, the appellant filed his application for writ of habeas corpus in the 176th District Court. The court issued the writ of habeas corpus and on March 18, 1981 conducted a hearing. Following the hearing, the court denied the relief requested on the ground that it was without jurisdiction to do so.

In *Ex parte Smith*, 64 S.W. 1052 (Tex.Cr.App.1901), this court held the

phrase "legal custody" as used in Article 175, C.C.P., then in effect, does not contemplate a release after conviction of a felony. The court used Article 876, C.C.P., then in effect, to reach this conclusion. Said statute provided a defendant who appealed a felony conviction was to remain in jail until the decision of the Court of Criminal Appeals was made. That is, of course, not now the law with regard to every felony. See Article 44.04, V.A.C.C.P.

In concluding the *Smith* opinion the court, however, further stated:

> "If appellant's contention be correct, then article 175 would entitle him to a releasal on account of ill health after conviction and confinement in the state penitentiary. This would be anomalous construction of said article, and yet such construction would be a legal sequence from the position taken by appellant."

We observe that Article 11.25, supra, is in the same language as the former Article 175. We adhere to the *Smith* opinion as to the interpretation given to the phrase "legal custody" as it now appears in Article 11.25, supra. See *Ex parte Arrendondo*, 167 Tex.Cr.R. 412, 320 S.W.2d 844 (1959).

■ At the habeas hearing the deposition of appellant's doctor was introduced. The doctor related appellant had a laminectomy and a disc protrusion performed at the L4 level in August, 1980; that appellant's recovery was uneventful at first, but his condition had gradually deteriorated and he was complaining of a severe low backache. The doctor related appellant could walk with some difficulty and pain, but that he had no major objective neurological changes at the present time. He recommended a second spinal operation for the appellant in the near future "although it is not an emergency procedure."

We find no testimony that the appellant is afflicted with a disease which renders a removal necessary for the preservation of life nor was there any showing that any species of confinement will endanger his life. In *Ex parte Shacklett*, 156 Tex.Cr.R. 217, 241 S.W.2d 849 (1951), it was stated:

> "Where the confinement is after conviction, it must be shown that *any* confinement would endanger the life of the prisoner before he is entitled to release."

Thus for another reason Article 11.25, supra is not applicable.

Further, in *State ex rel. Wilson v. Briggs*, 171 Tex.Cr.R. 479, 351 S.W.2d 892 (1961), it was said:

> "The Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates." See also *State ex rel. Vance v. Clawson*, 465 S.W.2d 164 (Tex. Cr.App.1971).

■ Ordinarily receipt of mandate of an affirmance from this court merely triggers the ministerial acts of issuing capias after arrest, etc., and will not vest any further jurisdiction in a trial court to modify the judgment and sentence upheld by this court. *State ex rel. Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex.Cr.App.1974); *State ex rel. Wilson v. Harris*, 555 S.W.2d 470, 472 (Tex.Cr.App.1977). It normally means the trial court acquires jurisdiction only to see that the mandate of the Court of Criminal Appeals is carried out. *State v. Klein*, 154 Tex.Cr.R. 31, 224 S.W.2d 250 (1949); *State ex rel. Vance v. Hatten*, supra.

■ An exception to such general rule is when, after the receipt of this court's mandate, the trial court grants "shock probation" under Article 42.12, § 3e, V.A.C.C.P., in which the trial court's jurisdiction is expressly extended for such purpose for a 120 day period. *Houlihan v. State*, 579 S.W.2d 213 (Tex.Cr.App.1979). For other possible exceptions, see dissenting opinion in *State ex rel. Wilson v. Harris*, supra.

None of the exceptions are present in the instant case, and the trial court was correct in denying relief because it was without jurisdiction.

Neither party filed appellate briefs in this cause. If, however, it could be argued that this appeal should be considered in an original application to this court, cf. *State ex rel.*

*Vance v. Clawson,* supra; *Ex parte Giles,* 502 S.W.2d 774 (Tex.Cr.App.1973); *Basaldua v. State,* 558 S.W.2d 2 (Tex.Cr.App. 1977); *Broggi v. Curry,* 571 S.W.2d 940 (Tex.Cr.App.1978), under the provisions of Article 11.25, supra, the same would have to be denied in light of the interpretation of "legal custody" and in light of the testimony which shows appellant failed to bring himself under the terms of the statute.[1]

The judgment is affirmed.

1. It should be observed that this is not a proceeding brought under Article 11.07, V.A.C.C.P. Appellant makes no claim that his confinement under a felony conviction is illegal.