Reginald Charles BERRY, Relator,

v.

Honorable Jon Nelson HUGHES, Respondent.

No. 69591.

Court of Criminal Appeals of Texas, En Banc.

June 4, 1986.

James F. Keegan, Huntsville, for relator.

Ted Doebbler, Houston, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an original mandamus proceeding brought by Relator Reginald Charles Berry, to contest the reformation of a judgment and sentence against him by Respondent Judge Jon Hughes.

On March 24, 1981, relator was convicted of aggravated robbery and sentenced to confinement for life in the Texas Department of Corrections and a $10,000 fine. In an unpublished opinion, this Court granted relator's request for a writ of habeas corpus, holding that the jury verdict, which

included an unauthorized fine, was void and could not be reformed. *Ex parte Berry*, 687 S.W.2d 364, slip op. at 2 (Tex.Cr. App.1985).[1] In the final paragraph of our opinion, we stated:

> The unauthorized punishment having been assessed by the jury, the judgment and conviction is set aside. The applicant is ordered released to the custody of the Sheriff of Harris County to answer the indictment in Cause No. 327443 in the 174th District Court of Harris County.

*Id.* On November 6, 1985, after receiving our mandate, Judge Hughes reformed relator's judgment and sentence to delete the unauthorized fine of $10,000.

■ Relator argues that his judgment and sentence, already having been set aside by this Court, was not subject to reformation by the trial judge. We agree and will conditionally issue mandamus.

■ This Court has authority to issue mandamus to enforce its own jurisdiction and judgments. *State ex rel. Vance v. Hatten*, 508 S.W.2d 625, 628 (Tex.Cr.App. 1974) and cases cited therein; Art. V, § 5, Tex.Const. To obtain relief through mandamus, a relator must meet both prongs of the traditional two-step test for issuance of mandamus. *Ordunez v. Bean*, 579 S.W.2d 911, 913 (Tex.Cr.App.1979). First, a relator must establish that no other adequate remedy at law is available. Second, a relator must establish that he seeks to compel a ministerial, as distinguished from a discretionary, act. *Id.*

■ These two requirements are established in a case where, upon receipt of this Court's mandate, a trial judge fails to follow the explicit directions of this Court. *Vance v. Hatten*, supra, at 628. The ministerial duty requirement is met because, upon receipt of the judgment, order and mandate of this Court, a trial court "acquire[s] jurisdiction of the case only to see that the judgment of this [C]ourt [is] carried out." [citation omitted] [emphasis in original] *Id.* The inadequate remedy at law requirement is met because a defendant has no adequate method for appealing from a trial court's failure to follow the mandate of this Court. *Id.*

■ In the instant case, this Court reversed relator's judgment and conviction and released relator to the custody of the Sheriff of Harris County to answer the original indictment pending against him. Our order left the trial court with no discretion to do anything but "perform the ministerial duty of carrying out the mandate of this [C]ourt." *Id.*, at 629. The trial court ignored the order of this Court and, instead, reformed the judgment to delete an unauthorized fine. Relator, having already been granted relief through a writ of habeas corpus, and lacking a criminal action from which he could appeal, was left with no means to enforce this Court's judgment. We find that these circumstances meet both requirements for issuance of a writ of mandamus.

Respondent argues that Article 37.10, V.A.C.C.P., grants a trial court the authority to reform a verdict to omit any unauthorized punishment. See n. 1, *ante*, at p. 601. However, in the instant case, the trial court could not rely upon Article 37.-10, supra, to reform the jury's verdict. Once habeas relief was granted by this Court, relator's judgment and conviction were set aside, thus leaving the trial court with no verdict to reform. Furthermore, the trial court "acquired jurisdiction of the case only to see that the judgment of this

---

1. At the time of our decision in *Berry*, this Court was not authorized to separate the void portion of a judgment and sentence from the remainder of the judgment and sentence. See *Bogany v. State*, 661 S.W.2d 957 (Tex.Cr.App.1983). Therefore, our disposition of Berry's claim that the jury's verdict included an unauthorized fine was limited to setting aside the *entire* judgment and sentence. See *Ex parte Johnson*, 697 S.W.2d 605, 608–9 (Tex.Cr.App.1985) (Campbell, J., concurring).

After issuance of our mandate in *Berry*, the law changed. Effective June 1, 1985, "a court is authorized [by Article 37.10, V.A.C.C.P.] to reform a verdict and judgment containing unauthorized punishment, an infirmity which would have previously rendered the verdict void." *Johnson*, supra, at 607.

[C]ourt was carried out." [citation omitted] [emphasis in original] *Vance v. Hatten,* supra, at 628.

If a trial court were allowed to revive a verdict by invoking Article 37.10, supra, after receiving an order from this Court, it "would render the entire appellate process nothing more than an exercise in futility. 'The Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions or disobey its mandates.' " [citations omitted] *Id.*

Respondent is directed to set aside his order reforming relator's judgment and sentence and to perform the ministerial duty of carrying out the order of this Court as specified in *Berry,* supra, at 2. However, writ of mandamus will issue only in the event of a failure to comply with the directives contained herein, since we presume respondent will act accordingly.