NO. 07-07-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 2, 2008

_____

SHELBY MARK NEUGEBAUER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 9286-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Shelby Mark Neugebauer, seeks to overturn the trial court's decision to revoke its previous order granting him shock probation. For the reasons expressed herein, we abate and remand this cause to the trial court for appointment of new counsel.

On May 14, 1997, Appellant was convicted of intoxication manslaughter and punishment was assessed by a jury at eight years confinement and a $10,000 fine. The execution of Appellant's sentence began immediately.[1] Appellant's conviction was affirmed by this Court on June 16, 1998, in Cause Number 07-97-0213-CR. The Mandate of this Court issued on December 30, 1998. On March 26, 1999, Appellant filed a motion with the trial court seeking to suspend further imposition of his sentence pursuant to article 42.12, § 6 of the Texas Code of Criminal Procedure, under the procedure commonly referred to as "shock probation." On June 1, 1999, the trial court heard Appellant's motion and ordered that his sentence, but not the fine, be suspended in favor of community supervision for ten years. In 2007, the State filed a motion to revoke Appellant's community supervision for three violations of the condition that he abstain from alcohol consumption and one violation of the requirement that he pay a supervision fee. Appellant entered a plea of not true to the allegations. Following presentation of testimony and evidence, the trial court revoked Appellant's community supervision and sentenced him to seven and one-half years confinement.

In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. The *Anders* brief was filed on October 24, 2007. Notwithstanding four extensions of time in which to file a pro se response, Appellant has failed to do so.

---

[1]The record before us indicates that Appellant was incarcerated on May 14, 1997. The record does not reflect whether or not Appellant was released during the pendency of his original appeal.

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Instead, on March 24, 2008, Appellant notified this Court by letter that he has requested information from the District Clerk to obtain court-appointed counsel to assist him in preparation of his response. The State has not responded to appellate counsel's *Anders* brief.

When faced with an *Anders* brief, an appellate court has a duty to conduct a full examination of the proceeding, and if its independent inquiry reveals a nonfrivolous or arguable ground for appeal, it must abate the proceeding and remand the case to the trial court so that new counsel can be appointed to brief the issues. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

As then in effect, for purposes of suspending further imposition of sentence and placing the defendant on shock probation, the jurisdiction of the trial court continues for 180 days from the date the "execution of the sentence actually *begins*." Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a) (Vernon 2004) (emphasis added). Execution of sentence *begins* upon the defendant's incarceration. *Bailey v. State,* 160 S.W.3d 11, 14, fn.2 (Tex.Crim.App. 2004). In this case, the execution of Appellant's sentence began on May 14, 1997. The trial court's grant of shock probation on June 1, 1999, clearly more than 180 days after execution of Appellant's sentence actually began, was arguably done at a time when the trial court was without jurisdiction to enter that order. *See State v. McDonald,* 642 S.W.2d 492, 493 (Tex.Crim.App. 1982); *State v. Hatten,* 508 S.W.2d 625, 628

3

(Tex.Crim.App. 1974). Therefore, having concluded that an arguable ground for appeal exists, we grant Appellant's counsel's motion to withdraw, abate this proceeding, and remand this cause to the trial court for the appointment of new counsel. *See Bledsoe,* 178 S.W.3d at 827; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We direct the trial court to appoint new counsel to represent Appellant on appeal by April 14, 2008. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the clerk of this Court immediately after the appointment of counsel is ordered. Finally, the trial court shall cause its order appointing counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court by April 24, 2008. Appellant's brief shall be due forty-five days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.