NO. 12-10-00374-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                              
§

            

MICHAEL KENNEDY,                                  
§                   ORIGINAL PROCEEDING

            

RELATOR                                                       
§                   







MEMORANDUM
OPINION

            In
this original proceeding, Relator Michael Kennedy has filed a petition for writ
of mandamus, consisting of an original petition, a supplemental petition, and
various other documents that we have construed as supplemental petitions. 
Relator complains that a reasonable time has elapsed and the trial court has
not complied with the mandate issued in Relator’s appeal from his theft
conviction.  He seeks an order directing the trial court to conduct, within
thirty days, the new sentencing hearing required by the mandate. The respondent
is the Honorable Mark A. Calhoon, Judge of the 3rd Judicial District Court,
Anderson County, Texas.  We deny the petition.

 

Background

            Relator
was charged with theft of property worth more than $1,500 and less than
$20,000.  The indictment alleged that the victim was elderly, which elevated
the punishment range from that of a state jail felony to that of a third degree
felony.  The indictment also contained a single enhancement paragraph alleging
that Relator had previously been convicted of a felony offense. The case was
tried to a jury.  Relator was convicted as charged, sentenced to sixty-two
years of imprisonment, and fined ten thousand dollars.  On appeal, this court
affirmed Relator’s conviction, but remanded for a new sentencing hearing.  See
Kennedy v. State, No. 12-08-00246-CR, 2009 WL 4829989, at *1, 4
(Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for
publication).  The mandate issued on April 30, 2010.  The new sentencing
hearing was originally set for October 26, 2010, but was not conducted on that
date.  The hearing is now set for January 25, 2011.  

             

Prerequisites to Relief[1]

            The
traditional test for determining whether mandamus is appropriate in a criminal
case requires the relator to establish two things.  Simon v. Levario,
306 S.W.3d 318, 320 (Tex. Crim. App. 2009).  First, he must show
that he has no adequate remedy at law to redress the harm he alleges will ensue
if the act is not compelled.  See id.  Second, he must show that
the act he seeks to compel does not involve a discretionary or judicial
decision.  Id.  In other words, the act must be ministerial.  See
id.  

            The
two requirements of mandamus are established in a case where the trial court
purports to comply with an appellate court’s mandate but fails to follow the
explicit directions of the appellate court.  See Berry v. Hughes,
710 S.W.2d 600, 601 (Tex. Crim. App. 1986). The inadequate remedy
at law requirement is met because a defendant has no adequate method for
appealing from a trial court’s failure to follow an appellate court’s mandate. 
Id.  The ministerial duty requirement is met because upon
receiving the appellate court’s mandate, the lower court has a mandatory,
ministerial duty to enforce the appellate court’s judgment.  See Tex. R. App. P. 51.2(c)(1); Berry,
710 S.W.2d at 601; see also In re State, 159 S.W.3d 203,
210 (Tex. App.–Austin 2005, orig. proceeding [mand. denied]) (“An appellate
mandate is a command of the court, which the court is authorized to give and
which must be obeyed.”).  But when a relator alleges that the trial court has
not attempted to comply with the mandate, mandamus is generally unavailable
unless the relator also establishes that a reasonable time for compliance has
elapsed.  See In re Wright, No. 04-05-00581-CV, 2005 WL 2085960,
at *1 (Tex. App.–San Antonio Aug. 31, 2005, orig. proceeding) (mem. op)
(denying mandamus because record did not establish that reasonable time had
passed for trial court to comply with mandate); Reid v. State,
No. A14-87-00871-CR, 1988 WL 86372, at *2 (Tex. App.–Houston [14th Dist.] Aug.
18, 1988, pet. ref’d) (not designated for publication) (“Once we rendered our
decision, the trial court’s subsequent entry of dismissal within a reasonable
time following issuance of the mandate became a ministerial duty.”). 

 

Delay in Complying with Mandate

            Relator
contends that a reasonable time has elapsed since the issuance of this court’s
mandate, but the trial court has failed to conduct the required sentencing
hearing.  Consequently, Relator concludes, the trial court has violated a
ministerial duty for which Relator has no adequate remedy at law, and therefore
mandamus relief is appropriate.  Our resolution of Relator’s complaint turns on
whether a reasonable time has elapsed.

            Determining
what time period is reasonable is not subject to exact formulation. In re
Blakeney, 254 S.W.3d 659, 662 (Tex. App.–Texarkana 2008, orig.
proceeding).  Whether the trial court has acted within a reasonable period of
time depends on the circumstances of the case.  Barnes v. State,
832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding).  No
bright line separates a reasonable time period from an unreasonable one.  In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig.
proceeding).  And what constitutes a reasonable time is not determined by the
whim or desire of the party seeking relief.  Ex parte Bates, 65
S.W.3d 133, 136 (Tex. App.–Amarillo 2001, orig. proceeding).   Instead,
several factors must be considered such as the state of the court’s docket and
the existence of other judicial and administrative matters that must be
addressed first.  Id. at 135.  In considering the
state of the court’s docket, we are mindful that the trial court has a duty to
schedule its cases in such a manner as to expeditiously dispose of them.  Clanton
v. Clark, 639 S.W.2d 929, 931 (Tex. 1982).  Accordingly, the trial
court has wide discretion in managing its docket.  Id.  However,
this discretion is not unlimited.  See id.  (holding that
appellate court will not interfere with trial court’s exercise of discretion in
managing its docket absent a showing of clear abuse).  Consequently, the trial
court must strike a balance that accommodates the timely performance of all
duties, whether judicial, discretionary, or ministerial. 

            As
we have explained, the party requesting mandamus relief must prove his
entitlement to the relief.  In re Chavez, 62 S.W.3d at 229. 
Therefore, a party contending that a trial court has unreasonably delayed
compliance with an appellate court’s mandate has an obligation to provide the
appellate court with a record against which it can test the reasonableness of
the alleged delay.  See id.  Here, the mandate in Relator’s
appeal was issued on April 30, 2010.  The new sentencing hearing was originally
set for October 26, 2010, but was rescheduled.  The new date for the sentencing
hearing, January 25, 2011, is nine months after issuance of the mandate.  In
his petition, Relator insists that the trial court has not held his new sentencing
hearing within a reasonable time.  But he has not provided any argument or
authority supporting his contention that nine months is an unreasonable period
of time to delay compliance with this court’s mandate.  See Tex. R. App. P. 52.3(h) (requiring that
petition in original proceeding contain clear and concise argument with
appropriate citations to authorities).   Nor are we able to evaluate his claim
from the record he has provided.  See In re Chavez, 62 S.W.3d at
229.    Therefore, Relator has
not shown that he is entitled to mandamus relief.  

 

Conclusion

            Relator
has not met his burden to show that the trial court has unreasonably delayed
its compliance with this court’s mandate.  Accordingly, Relator’s petition for
writ of mandamus is denied.  

            In
denying Relator’s petition, we express no opinion regarding whether nine months
is a reasonable delay.  To the contrary, we caution that under some
circumstances, the lapse of time can alone be sufficient to establish the
unreasonableness of a court’s delay.  See Ex parte Bates, 65
S.W.3d at 136 (“[I]t may well be that the lapse of extended periods of
time could alone be sufficient to establish the unreasonableness of a court’s
delay.”).  We are confident that the trial court will conduct Relator’s
sentencing hearing on January 25, 2011, to ensure that such a lapse does not
occur in this case.        

            All
pending motions are overruled as moot.

 

                                                                        James T. Worthen

                                                                
Chief Justice

 

 

Opinion delivered December 15,
2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO
NOT PUBLISH)            



 









                [1]
In the title of some of the documents he filed in this proceeding, Relator
refers to a “writ of prohibition” or “prohibited relief.”  However, Relator
makes clear in these documents that he is seeking an order directing the trial
court to conduct a sentencing hearing within thirty days.  Thus, the relief he
seeks is in the nature of a writ of mandamus and not a writ of prohibition.  See
State ex rel. Wade v. Mays, 689 S.W.2d 893, 897 (Tex. Crim. App.
1985) (noting that writ of prohibition issues to prevent commission of future
act while mandamus operates to undo or nullify act already performed). 
Accordingly, we do not address the availability of a writ of prohibition.  See
Ex parte Cardwell, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000)
(stating that substance of motion governs, not title).