# NO. 12-10-00374-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Relator Michael Kennedy has filed a petition for writ of mandamus, consisting of an original petition, a supplemental petition, and various other documents that we have construed as supplemental petitions. Relator complains that a reasonable time has elapsed and the trial court has not complied with the mandate issued in Relator's appeal from his theft conviction. He seeks an order directing the trial court to conduct, within thirty days, the new sentencing hearing required by the mandate. The respondent is the Honorable Mark A. Calhoon, Judge of the 3rd Judicial District Court, Anderson County, Texas. We deny the petition.

## BACKGROUND

Relator was charged with theft of property worth more than $1,500 and less than $20,000. The indictment alleged that the victim was elderly, which elevated the punishment range from that of a state jail felony to that of a third degree felony. The indictment also contained a single enhancement paragraph alleging that Relator had previously been convicted of a felony offense. The case was tried to a jury. Relator was convicted as charged, sentenced to sixty-two years of imprisonment, and fined ten thousand dollars. On appeal, this court affirmed Relator's conviction, but remanded for a new sentencing hearing. *See Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, at *1, 4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication). The mandate issued on April 30, 2010. The new sentencing

hearing was originally set for October 26, 2010, but was not conducted on that date. The hearing is now set for January 25, 2011.

## PREREQUISITES TO RELIEF[1]

The traditional test for determining whether mandamus is appropriate in a criminal case requires the relator to establish two things. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). First, he must show that he has no adequate remedy at law to redress the harm he alleges will ensue if the act is not compelled. *See id*. Second, he must show that the act he seeks to compel does not involve a discretionary or judicial decision. *Id*. In other words, the act must be ministerial. *See id*.

The two requirements of mandamus are established in a case where the trial court purports to comply with an appellate court's mandate but fails to follow the explicit directions of the appellate court. *See Berry v. Hughes*, 710 S.W.2d 600, 601 (Tex. Crim. App. 1986). The inadequate remedy at law requirement is met because a defendant has no adequate method for appealing from a trial court's failure to follow an appellate court's mandate. *Id*. The ministerial duty requirement is met because upon receiving the appellate court's mandate, the lower court has a mandatory, ministerial duty to enforce the appellate court's judgment. *See* TEX. R. APP. P. 51.2(c)(1); *Berry*, 710 S.W.2d at 601; *see also In re State*, 159 S.W.3d 203, 210 (Tex. App.–Austin 2005, orig. proceeding [mand. denied]) ("An appellate mandate is a command of the court, which the court is authorized to give and which must be obeyed."). But when a relator alleges that the trial court has not attempted to comply with the mandate, mandamus is generally unavailable unless the relator also establishes that a reasonable time for compliance has elapsed. *See In re Wright*, No. 04-05-00581-CV, 2005 WL 2085960, at *1 (Tex. App.–San Antonio Aug. 31, 2005, orig. proceeding) (mem. op) (denying mandamus because record did not establish that reasonable time had passed for trial court to comply with mandate); *Reid v. State*, No. A14-87-00871-CR, 1988 WL 86372, at *2 (Tex. App.–Houston [14th Dist.] Aug. 18, 1988, pet. ref'd) (not designated for publication) ("Once we rendered our

---

[1] In the title of some of the documents he filed in this proceeding, Relator refers to a "writ of prohibition" or "prohibited relief." However, Relator makes clear in these documents that he is seeking an order directing the trial court to conduct a sentencing hearing within thirty days. Thus, the relief he seeks is in the nature of a writ of mandamus and not a writ of prohibition. *See State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985) (noting that writ of prohibition issues to prevent commission of future act while mandamus operates to undo or nullify act already performed). Accordingly, we do not address the availability of a writ of prohibition. *See Ex parte Cardwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) (stating that substance of motion governs, not title).

2

decision, the trial court's subsequent entry of dismissal within a reasonable time following issuance of the mandate became a ministerial duty.").

## DELAY IN COMPLYING WITH MANDATE

Relator contends that a reasonable time has elapsed since the issuance of this court's mandate, but the trial court has failed to conduct the required sentencing hearing. Consequently, Relator concludes, the trial court has violated a ministerial duty for which Relator has no adequate remedy at law, and therefore mandamus relief is appropriate. Our resolution of Relator's complaint turns on whether a reasonable time has elapsed.

Determining what time period is reasonable is not subject to exact formulation. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.–Texarkana 2008, orig. proceeding). Whether the trial court has acted within a reasonable period of time depends on the circumstances of the case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). No bright line separates a reasonable time period from an unreasonable one. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). And what constitutes a reasonable time is not determined by the whim or desire of the party seeking relief. *Ex parte Bates*, 65 S.W.3d 133, 136 (Tex. App.–Amarillo 2001, orig. proceeding). Instead, several factors must be considered such as the state of the court's docket and the existence of other judicial and administrative matters that must be addressed first. *Id*. at 135. In considering the state of the court's docket, we are mindful that the trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). Accordingly, the trial court has wide discretion in managing its docket. *Id*. However, this discretion is not unlimited. *See id*. (holding that appellate court will not interfere with trial court's exercise of discretion in managing its docket absent a showing of clear abuse). Consequently, the trial court must strike a balance that accommodates the timely performance of all duties, whether judicial, discretionary, or ministerial.

As we have explained, the party requesting mandamus relief must prove his entitlement to the relief. *In re Chavez*, 62 S.W.3d at 229. Therefore, a party contending that a trial court has unreasonably delayed compliance with an appellate court's mandate has an obligation to provide the appellate court with a record against which it can test the reasonableness of the alleged delay. *See id*. Here, the mandate in Relator's appeal was issued on April 30, 2010. The new sentencing hearing was originally set for October 26,

3

2010, but was rescheduled. The new date for the sentencing hearing, January 25, 2011, is nine months after issuance of the mandate. In his petition, Relator insists that the trial court has not held his new sentencing hearing within a reasonable time. But he has not provided any argument or authority supporting his contention that nine months is an unreasonable period of time to delay compliance with this court's mandate. *See* TEX. R. APP. P. 52.3(h) (requiring that petition in original proceeding contain clear and concise argument with appropriate citations to authorities). Nor are we able to evaluate his claim from the record he has provided. *See In re Chavez*, 62 S.W.3d at 229. Therefore, Relator has not shown that he is entitled to mandamus relief.

## CONCLUSION

Relator has not met his burden to show that the trial court has unreasonably delayed its compliance with this court's mandate. Accordingly, Relator's petition for writ of mandamus is ***denied***.

In denying Relator's petition, we express no opinion regarding whether nine months is a reasonable delay. To the contrary, we caution that under some circumstances, the lapse of time can alone be sufficient to establish the unreasonableness of a court's delay. *See Ex parte Bates*, 65 S.W.3d at 136 ("[I]t may well be that the lapse of *extended* periods of time could alone be sufficient to establish the unreasonableness of a court's delay."). We are confident that the trial court will conduct Relator's sentencing hearing on January 25, 2011, to ensure that such a lapse does not occur in this case.

All pending motions are overruled as ***moot***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 15, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4