**Opinion issued June 12, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-14-00022-CR**

_____

**IN RE JAMES DANIEL BOONE, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, James Daniel Boone, has filed a petition for writ of mandamus, seeking an order compelling the trial court to conduct a new punishment hearing and re-sentence him.[1] We will grant relief.

To obtain mandamus relief in a criminal case, the relator must show that he has no adequate remedy at law and that the act he seeks to compel is ministerial,

---

[1] The underlying case is *The State of Texas v. James Daniel Boone*, cause number 13035, pending in the 253rd District Court of Chambers County, Texas, the Honorable Chap B. Cain, III presiding.

rather than discretionary, in nature. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Dickens v. Court of Appeals for Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). These two requirements for obtaining mandamus relief "are established in a case where, upon receipt of this Court's mandate, a trial judge fails to follow the explicit directions of this Court." *Berry v. Hughes*, 710 S.W.2d 600, 601 (Tex. Crim. App. 1986); *see In re Kennedy*, No. 12-10-00374-CR, 2010 WL 5141769, at *1 (Tex. App.—Tyler Dec. 15, 2010, orig. proceeding) (mem. op., not designated for publication). "The inadequate remedy at law requirement is met because a defendant has no adequate method for appealing from a trial court's failure to follow the mandate of this Court." *Berry*, 710 S.W.2d at 601. The ministerial duty requirement is met because our mandate imposes a ministerial, non-discretionary duty on the trial court to enforce our judgment. *See Tex. Health & Human Servs. Comm'n v. El Paso Cnty. Hosp. Dist.*, 351 S.W.3d 460, 472, 476 (Tex. App.—Austin 2011), *aff'd*, 400 S.W.3d 72 (Tex. 2013); *In re Kennedy*, 2010 WL 5141769, at *1; *In re Perry*, No. 06-09-00226-CR, 2010 WL 58966, at *1 (Tex. App.—Texarkana Jan. 7, 2010, orig. proceeding) (not designated for publication); *Reid v. State*, No. A14-87-00871-CR, 1988 WL 86372, at *2 (Tex. App.—Houston [14th Dist.] Aug. 18, 1988, pet. ref'd) (not designated for publication).

Nevertheless, when a relator seeks mandamus based on a trial court's alleged failure to comply with a higher court's mandate, "mandamus is generally unavailable unless the relator also establishes that a reasonable time for compliance has elapsed." *See In re Kennedy*, 2010 WL 5141769, at *1; *see also Reid*, 1988 WL 86372, at *2 ("Once we rendered our decision, the trial court's subsequent entry of dismissal within a reasonable time following issuance of the mandate, became a ministerial duty.").

Here[2], relator was convicted in trial court cause 13035 of the state jail felony offense of evading arrest or detention while using a motor vehicle, and the trial court sentenced him to ten years' confinement, which sentence was imposed on July 28, 2004.[3] We initially affirmed the judgment in an unpublished opinion issued on June 23, 2005. *See Boone v. State*, Nos. 01-04-00870-CR, 01-04-00871-CR, 01-04-00882-CR, 2005 WL 1474454, at *4 (Tex. App.—Houston [1st Dist.]

---

[2] Neither relator nor the State has provided an appendix or record in this proceeding. *See* TEX. R. APP. P. 52.3(k), 52.7. Nevertheless, we take judicial notice of the records in our possession, including our mandate and judgment, from cause 01-09-01020-CR. *See In re Carrington*, No. 07-14-00030-CV, 2014 WL 793990, at *3 (Tex. App.—Amarillo Feb. 25, 2014, orig. proceeding) (mem. op.); *Ex parte Joyner*, 367 S.W.3d 737, 738 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

[3] Relator was further convicted in two counts in a companion case, trial court cause 13034 counts II and III, for which he was sentenced to life imprisonment for each offense. We affirmed those convictions and sentences in an unpublished opinion on June 23, 2005. *See Boone v. State*, Nos. 01-04-00870-CR, 01-04-00871-CR, 01-04-00882-CR, 2005 WL 1474454, at *4 (Tex. App.—Houston [1st Dist.] June 23, 2005, no pet.) (mem. op., not designated for publication). Those convictions are not at issue here.

June 23, 2005, no pet.) (mem. op., not designated for publication). On March 30, 2009, relator was granted a new appeal in trial court cause 13035 by the United States District Court for the Southern District of Texas, based on ineffective assistance of counsel on appeal. *See Boone v. Quarterman*, No. H-08-0099 (S.D. Tex. Mar. 30, 2009, order). We again affirmed relator's conviction in his second appeal, but reversed the portion of the judgment assessing punishment and remanded for a new punishment hearing. *See Boone v. State*, No. 01-09-01020-CR, 2010 WL 3928533 (Tex. App.—Houston [1st Dist.] Oct. 7, 2010, pet. ref'd) (mem. op., not designated for publication). Our mandate issued on March 28, 2012, commanding the trial court to conduct a new punishment hearing.

On January 7, 2014, relator filed a petition for writ of mandamus, contending that "Respondent, Honorable Chap B. Cain, III, Judge of the 253[rd] District Court of Chambers County, Texas, has failed to re-sentence Relator to the correct State Jail term of not less than 180 days or more than 2 years." He further contends that respondent "has either failed or refuses to re-sentence Relator as mandated by the First Court of Appeals." Relator requests that we order "Respondent to comply with the previous order issued by this Honorable Court . . . and re-sentence Relator in Cause No. 13035."

On February 24, 2014, the real party in interest, the State, filed a response to relator's petition. In its response, the State informs the Court that relator "has not

4

been sentenced in cause No. 13035" and that the State "is not opposed to sentencing Applicant." The State "requests that this Court allow the State to return Applicant to Chambers County to be sentenced in cause No. 13035."

Relator and the State have both informed us that the trial court has not held a new punishment hearing in compliance with our mandate. *See In re Perry*, 2010 WL 58966, at *1. Our resolution of relator's petition therefore turns on whether a reasonable time has elapsed. *See In re Kennedy*, 2010 WL 5141769, at *2.

More than nineteen months lapsed between the issuance of our mandate and the filing of relator's petition. Almost two additional months passed before the State filed a response indicating that no new punishment hearing has been conducted and that the State requests that relator be sentenced. Under the circumstances of this case, the trial court's delay in holding a new punishment hearing is unreasonable, and mandamus is appropriate. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding); *Kissam v. Williamson*, 545 S.W.2d 265, 267 (Tex. Civ. App.—Tyler 1976, orig. proceeding).

Accordingly, we conditionally grant mandamus relief and direct the trial court to conduct a new punishment hearing in trial court cause 13035. This writ of mandamus will only issue if the trial court does not comply within 60 days of the date of this opinion. We dismiss any pending motions as moot.

5

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.  TEX. R. APP. P. 47.2(b).