

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00132-CR

IN RE:  RAYMOND EARL BARNETT

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

OPINION

In 2006, Raymond Earl Barnett was convicted by a jury of one count of indecency with a child and two counts of sexual assault of a child. In 2007, this Court affirmed Barnett's indecency with a child conviction, but reversed both convictions for sexual assault of a child and remanded them to the trial court for a new trial. *Barnett v. State*, No. 06-05-00281-CR, 2007 WL 1053379, at **1, 5 (Tex. App.—Texarkana Apr. 10, 2007, pet. ref'd) (mem. op., not designated for publication). Now, arguing that a new trial has not yet taken place, Barnett has filed a petition for writ of mandamus asking this Court "to place [the matters] on the court[']s docket and carry out these further proceedings . . . and bring to an[] end the lengt[h]y wait that [he] has endured."[1] Barnett (1) is arguing that the trial court has not complied with this Court's mandate that issued October 23, 2007, which remanded the sexual assault counts to the trial court for a new trial and (2) is asking for a speedy trial.

It is Barnett's burden to properly request and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To be entitled to mandamus relief, Barnett must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding)

---

[1]When a case is reversed and remanded to the trial court for a new trial, the case stands in the same procedural posture as if the trial court had granted a new trial. *See* TEX. R. APP. P. 51.2(c)(1); TEX. CODE CRIM. PROC. ANN. art. 44.29 (West Supp. 2014).

2

(per curiam); *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

The execution of the mandate of this Court by the trial court is clearly a ministerial act. *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding) (a writ of mandamus will issue to compel compliance with an appellate mandate); *Berry v. Hughes*, 710 S.W.2d 600, 601 (Tex. Crim. App. 1986) (orig. proceeding) (per curiam) (requirements for obtaining mandamus relief "are established in a case where, upon receipt of this Court's mandate, a trial judge fails to follow the explicit directions of this Court"); *In re Perry*, No. 06-09-00226-CR, 2010 WL 58966, at *1 (Tex. App.—Texarkana Jan. 7, 2010, orig. proceeding) (mem. op., not designated for publication).[2]

In response to Barnett's petition, (1) the State moved to dismiss its indictments for sexual assault of a child, and (2) the trial court entered orders dismissing these cases. Accordingly, we dismiss the petition as moot.

Bailey C. Moseley
Justice

Date Submitted:      August 12, 2014
Date Decided:        August 13, 2014

Do Not Publish

---

[2]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).