

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00110-CR

IN RE ANDRE RENOR EVANS

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

O P I N I O N

In this original proceeding, Relator Andre Renor Evans, proceeding pro se, petitioned for a writ of mandamus compelling the Honorable Ralph Strother, judge of the 19th Judicial District Court, McLennan County, Texas (Respondent), to comply with this Court's mandate requiring the trial court to provide Evans with a new punishment hearing.[1] Evans was convicted on three counts of trafficking and sentenced to life in prison on each offense. On appeal, the third trafficking conviction (Count III), because of insufficient evidence, was modified to a conviction for compelling prostitution and remanded to the trial court for a punishment proceeding. Apparently unbeknown to Evans, the State decided to forego the new punishment hearing and filed a waiver of Count III, which was approved by the trial court. Thus, Count III was effectively dismissed. Because we find this dispute is now moot, we dismiss Evans' petition for writ of mandamus.

## I.    Discussion

To be entitled to mandamus relief in a criminal case, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). These

---

[1]This Court has jurisdiction to issue a writ of mandamus against a "judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (Supp.). Section 22.201(g) of the Texas Government Code states, "The Sixth Court of Appeals District is composed of the counties of Bowie, Camp, Cass, Delta, Fannin, Franklin, Gregg, Harrison, Hopkins, Hunt, Lamar, Marion, Morris, Panola, Red River, Rusk, Titus, Upshur, and Wood." TEX. GOV'T CODE ANN. § 22.201(g) (Supp.).

On April 18, 2016, Evans' direct appeal was transferred from McClennan County to this Court pursuant to the Texas Supreme Court's docket equalization order. Because Evans' petition for writ of mandamus implicates our mandate in his direct appeal, this Court has authority to address the issues raised in his petition. "Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a) (Supp.).

two requirements for obtaining mandamus relief "are established in a case, where upon receipt of this Court's mandate, a trial judge fails to follow the explicit directions of this Court." *Berry v. Hughes*, 710 S.W.2d 600, 601 (Tex. Crim. App. 1986) (orig. proceeding) (per curiam). "The inadequate remedy at law requirement is met because a defendant has no adequate method for appealing from a trial court's failure to follow the mandate of this Court." *Id.* The ministerial duty requirement is met because our mandate imposes a ministerial, non-discretionary duty on the trial court to act, that is, enforce our judgment. *See Tex. Health & Human Servs. Comm'n v. El Paso Cty. Hosp. Dist.*, 351 S.W.3d 460, 472 (Tex. App.—Austin 2011), *aff'd*, 400 S.W.3d 72 (Tex. 2013); *In re Perry*, No. 06-09-00226-CR, 2010 WL 58966, at *1 (Tex. App.—Texarkana Jan. 7, 2010, orig. proceeding) (mem. op., not designated for publication).

After a jury trial, Evans was convicted in trial court cause number 2015-1341-C1 of, among other offenses, three counts of trafficking. After pleading true to two enhancement paragraphs, Evans was sentenced to life in prison on each offense. On appeal, we found the evidence was sufficient to sustain two of the trafficking convictions. We concluded that the evidence was insufficient to support Count III, but we determined that the judgment should be modified to reflect a conviction for compelling prostitution, and we remanded the matter to the trial court to conduct a punishment proceeding. *See Evans v. State*, No. 06-16-00064-CR, 2017 WL 1089806 (Tex. App.—Texarkana Mar. 22, 2017, pet. ref'd) (mem. op., not designated for publication).

Evans filed his petition for writ of mandamus, maintaining that the trial court failed to conduct the punishment proceeding as required by our mandate and asking this Court to order the trial court to do so. We asked the Respondent to file a response to Evans' petition and received a

3

response that stated, "As the Court can see, the State, with this court's approval, has *effectively dismissed* Count III.[2]  Accordingly, the matter of punishment as to [Count III] is moot, and there is no basis for relief presented in the petition for mandamus."  (Emphasis added).  Respondent continued, "For the Court's reference, I have provided copies of the aforementioned State's Waiver of Count III and the Order on State's Waiver of Count III, contained in the District Court's record in this case."

The State may dismiss a criminal action at any time, subject to approval by the trial court.  TEX. CODE CRIM. PROC. ANN. art. 32.02; *Smith v. State*, 70 S.W.3d 848, 850–51 (Tex. Crim. App. 2002).  That said, the State may not dismiss a case already reduced to a final judgment.  *Satterwhite v. State*, 36 S.W.3d 145, 147–49 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).  "A conviction is not final until sentencing occurs."  *Glaze v. State*, 675 S.W.2d 768, 769 (Tex. Crim. App. 1984).

Here, after Count III in the original judgment had been modified and sent back to the trial court for a new punishment proceeding, the State filed its waiver of Count III before the punishment hearing was conducted.  The trial court then approved the State's request to waive Count III.  Thus, that charge against Evans was waived, and no sentence was imposed.  Nor was Count III ever reduced to a final judgment.  For these reasons, the State was entitled to waive Count III at that juncture in the proceedings.

As a result, this dispute is now moot.  If "the ground that the relief sought had become moot and, therefore, 'there is nothing to mandamus, ergo mandamus does not lie,'" dismissal of a

---

[2]The State filed its "Waiver of Count III" on November 1, 2017, and the trial court entered its "Order on State's Waiver of Count III" approving the waiver on the same day.

4

petition to mandamus is proper. *In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (quoting *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding)).

**II.     Conclusion**

For the reasons stated above, we dismiss Evans' petition for mandamus because the matter is now moot.

Scott E. Stevens
Justice

Date Submitted:     July 16, 2019
Date Decided:       July 17, 2019

Publish

5