# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00516-CR

---

**Ex parte William Barrie Bowlin**

---

**FROM THE 428TH DISTRICT COURT OF HAYS COUNTY**
**NO. CR-17-0993-A, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant William Barrie Bowlin of the felony offense of driving while intoxicated (DWI), with two prior DWI convictions. *See* Tex. Penal Code § 49.09(b). The district court rendered judgment on the verdict and sentenced Bowlin to 30 years' imprisonment after finding true two enhancement paragraphs alleging that Bowlin had two additional prior DWI convictions.

In September 2020, Bowlin filed an application for writ of habeas corpus under Article 11.25 of the Code of Criminal Procedure, which provides:

> When a judge or court authorized to grant writs of habeas corpus shall be satisfied, upon investigation, that a person in legal custody is afflicted with a disease which will render a removal necessary for the preservation of life, an order may be made for the removal of the prisoner to some other place where his health will not be likely to suffer; or he may be admitted to bail when it appears that any species of confinement will endanger his life.

Tex. Code Crim. Proc. art. 11.25. In his application, Bowlin argued that "[d]ue to the dangers of the spread of the novel coronavirus creating the disease of COVID-19," "the near-impossibility of social distancing in prisons and air quality control in prison settings," and his having "heightened vulnerabilities to that pandemic disease,"[1] it was "necessary for his safety that Mr. Bowlin be released to a facility which can protect him from the risk of death from COVID-19." The State filed a response in opposition to the application, arguing that the Court of Criminal Appeals has held that Article 11.25 does not apply to convicted felons. *See Ex parte Baltimore*, 616 S.W.2d 205, 207 (Tex. Crim. App. 1981). The district court denied relief, concluding in its order that it was bound by the precedent of the Court of Criminal Appeals. This appeal followed.

In *Baltimore*, the Court of Criminal Appeals interpreted Article 11.25 and held that the statute "does not contemplate a release after conviction of a felony." *Id.* In so holding, the court followed its earlier opinions that had reached the same conclusion regarding prior versions of Article 11.25 that contained identical language. *See Ex parte Arrendondo*, 320 S.W.2d 844, 844 (Tex. Crim. App. 1959); *Ex parte Smith*, 64 S.W. 1052, 1053 (Tex. Crim. App. 1901).

On appeal, Bowlin asserts that the Court of Criminal Appeals "misread" the statute and "ruled wrongly" in *Baltimore*, and he asks this Court to "evaluate, if it chooses to do so, the severity of his medical conditions without being" constrained by that court's interpretation of Article 11.25. However, this Court has no choice but to follow that interpretation. "When the Court of Criminal Appeals has deliberately and unequivocally

_____

[1] Bowlin attached to his application evidence showing that he is 71 years of age and suffers from various medical conditions including heart palpitations, leg edema, chronic kidney disease, hypertension, and hyperlipidemia.

2

interpreted the law in a criminal matter, we must adhere to its interpretation under the dictates of vertical stare decisis." *Mason v. State*, 416 S.W.3d 720, 728 n.10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *see also State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961) ("The Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates."). The Court of Criminal Appeals has concluded that Article 11.25 does not apply to convicted felons such as Bowlin, and this Court and the district court are bound by that decision. *See Ex parte Williams*, 595 S.W.3d 328, 329 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (agreeing that *Baltimore* was "wrongly decided" but concluding that "[i]n accordance with the binding precedent of the high court, we must affirm the trial court's order denying the writ").

We affirm the district court's order.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed: May 4, 2021

Do Not Publish